FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 29 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DENISE MARIE PRINCE,

                Plaintiff,

  -against-

TD BANK; GREENPOINT SAVINGS BK;
LIBERTY MUTUAL; NORTHERN TR
COMPANY/BANKERS TR. CO.; and JOHN
HANCOCK LIFE INSURANCE
COMPANY/NEW YORK LIFE INS. CO.,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-1669 (CBA) (LB)

**AMON, United States District Judge:**

Pro se plaintiff Denise Marie Prince filed the above-captioned complaint on April 4, 2016. Prince's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

Prince's complaint consists of handwritten answers on a form "Complaint for a Civil Case." (D.E. # 1 ("Compl.").) In the section describing the basis for federal court jurisdiction, Prince writes "Citibk/ Banks Chase/ Queens PO" and lists mailing addresses in Columbia, South Carolina, and in Brooklyn, New York. (Id. at 4.) In the section describing her claims, Prince writes: "In 1988 I Denise Marie Prince was a computer op. for Bankers Tr Co. Dr. DooDoo made my whole right side coloslape [sic]," and includes an address and telephone number. (Id. at 5.) Her demand for relief states: "Liberty Mutual Co, 5015 Campuswood/ PO Box 4836/ Syracuse NY – Long term disability payments from Liberty Mutual Ins. My non taxable bond that I brought from Dimes Bk 9 [illegible] Brooklyn – Washington Mutual I which now is Chase branch others because I worked for them did not [illegible] it." (Id. at 6.)

1

## STANDARD OF REVIEW

When considering a request to proceed in forma pauperis, the Court conducts an initial review of the pleadings and must dismiss the case if it determines that the allegations are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of the pleadings, the Court must accept as true all factual allegations and draw all inferences in the plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Although a pro se complaint must contain sufficient factual allegations to meet the plausibility standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Nevertheless, even pro se pleadings must present sufficient allegations to put the defendant on notice of "what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal quotation marks and citation omitted).

## DISCUSSION

Before deciding any case, a court must assure itself that the case is properly within its subject matter jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). If the court determines that subject matter jurisdiction is lacking, the action may be dismissed sua sponte. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a federal question is presented or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Prince's complaint fails to invoke either the Court's federal question or diversity jurisdiction. Prince asserts no basis for federal question jurisdiction and her complaint lacks complete diversity, because both she and some of the defendants reside in New York. The Court must, therefore, dismiss the case for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 28, 2016
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge